Requestor: Hon. Thomas A. Duffy, Chairman State Liquor Authority 250 Broadway New York, New York 10007
Written by: Robert Abrams, Attorney General
Your counsel has asked whether, in light of the provisions of the United States-Canada Free-Trade Agreement, Canadian corporations are eligible to be licensed by the State Liquor Authority. Alcoholic Beverage Control Law § 126 provides that a person who is not a citizen of the United States is forbidden to traffic in alcoholic beverages. Section 3(22) of the statute defines "person" to include a corporation and section 126(4) specifically forbids corporations to so traffic unless each of the principal officers and one-half of the directors are United States citizens.
This Department has held that nationals of a country having a reciprocal trade treaty with the United States may not be prohibited from trading in alcoholic beverages in this State. 1933 Op Atty Gen 94; 1953 Op Atty Gen 104; 1954 Op Atty Gen 113; 1964 Op Atty Gen 8, 11. These holdings were based on the determination that when there is a treaty between the United States and another country, each giving to the nationals of the other the right to engage in trade on the same terms as native citizens, a State may not deny the nationals of such country the privilege of engaging in a particular trade by refusing to license them. See, e.g. 1953 Op Atty Gen 104 at 105, citing Asakura v City of Seattle, 265 U.S. 332 (1924). We also have held, however, that a trade agreement that governs only the movement in commerce of products of the parties thereto, and does not confer rights upon the nationals of those parties as individuals, such as the General Agreement on Tariff and Trade, does not constitute a basis for granting a license contrary to the terms of Alcoholic Beverage Control Law § 126(3). 1969 Op Atty Gen 10.
Chapter 14 of the United States-Canada Free-Trade Agreement provides that "each Party shall accord to persons of the other Party treatment no less favorable than that accorded in like circumstances to its persons with respect to the measures covered by this Chapter". 1402(1). It also specifically states that this means "with respect to a province or a state, treatment no less favourable than the most favourable treatment accorded by such province or state in like circumstances" to persons of the country of which it is a part. 1402(2). Covered services include wholesale trade services and direct selling services, apparently bringing traffic in alcoholic beverages within the scope of the provision.
The agreement also allows pre-existing state statutes to be enforced even if they do not correspond to the agreement mandates. It provides that paragraph 1402(1) shall not apply to "a non-conforming provision of any existing measure". 1402(5)(a). "Measure" is defined to include "any law, regulation, procedure, requirement or practice". Alcoholic Beverage Control Law § 126 was in place and enforced to bar licensing of Canadian corporations prior to implementation of the Agreement. Therefore, we conclude that the Agreement by its own terms, does not prohibit application of Alcoholic Beverage Control Law § 126 to Canadian corporations or require the authority to license them.
We conclude that the United States-Canada Free-Trade Agreement does not prevent application of section 126 of the Alcoholic Beverage Control Law to Canadian corporations. Thus, such corporations are ineligible to receive licenses to traffic in alcoholic beverages.